# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT FLOYD RAMSEY, )<br>)<br>PLAINTIFF, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the )<br>Social Security Administration, )<br>)<br>DEFENDANT. ) | CASE NO. 09-CV-344-FHM |

## OPINION AND ORDER

Plaintiff filed a complaint against the Commissioner of the Social Security Administration in this court on June 3, 2009. [Dkt. 2]. The parties consented to proceed in accordance with 28 U.S.C. § 636(c)(1) & (3) before the undersigned United States Magistrate Judge on November 3, 2009. [Dkt. 11]. Plaintiff's Opening Brief was filed on May 28, 2010. [Dkt. 20]. Defendant filed a response brief on July 23, 2010. [Dkt. 21]. Plaintiff's reply was filed August 6, 2010. [Dkt. 22]. On March 14, 2011, this Court entered an Opinion and Order affirming the decision of the Commissioner to deny Plaintiff's applications for benefits and entered Judgment against Plaintiff. [Dkts. 23, 24].

Plaintiff filed a Motion for New Trial or to Alter or Amend Judgment on April 13, 2011. [Dkt. 27]. Defendant filed a response April 14, 2011, and Plaintiff filed a reply on May 19, 2011. [Dkts. 28, 30].[1]

---

[1] The Commissioner challenged Plaintiff's motion as "out of time" in his response brief. [Dkt. 28, p. 2]. However, counsel for the Commissioner did not object to Plaintiff's request for the Court to deem the motion for new trial timely filed. Because the Court granted Plaintiff's request, the Commissioner's objection regarding the timeliness of the motion is overruled.

In his Motion for New Trial, Plaintiff raises for the first time an allegation that the job of salad maker, identified as past relevant work by the ALJ in his step four finding, did not qualify as substantial gainful activity. [Dkt. 27]. Plaintiff contends that: "[t]he job cannot be used by the ALJ or this Court as past relevant work to deny benefits at Step Four." *Id.*, p. 3. Defendant responds that any complaint regarding this issue has been waived because Plaintiff did not raise such a challenge to the vocational expert's testimony or to the ALJ's findings in his opening and reply briefs. [Dkt. 28]. In his reply, Plaintiff urges the Court to deem the issue was properly presented because "Plaintiff raised in his initial brief the argument that sporadic activities do not indicate an ability to perform sustained activities, and an individual must be able to work on a sustained basis to engage in substantial gainful activity." [Dkt. 30, p. 2].

In the Motion for New Trial, Plaintiff stated the request was filed under Fed.R.Civ.P. 59. [Dkt. 27, p. 1]. Plaintiff did not address the standards for granting a motion under Rule 59, he simply stated that the Court, through the Opinion and Order issued on March 14, 2011, "incorrectly relie[d] on past work which does not qualify as substantial gainful activity." [Dkt. 27, p. 1].

The purpose of a Rule 59(e) motion "is to correct manifest errors of law or to present newly discovered evidence." *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992). Considering a motion brought under Rule 59(e) in a Social Security disability appeal, the Court in *Bain v. Astrue*, 2009 WL 458676 (D. Colo., Feb. 24, 2009) (unpublished), discussed the proper role of a Rule 59(e) motion, as follows:

> Such a motion may be granted when there is an intervening change in controlling law, when new evidence becomes available, or when there is a need to correct clear error or prevent manifest injustice. *Mantle Ranches Inc., v. U.S. Park Service*, 950 F.Supp. 299, 300 (D.Colo. 1997). A Rule 59(e) motion is appropriate where "the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension or there has been a significant change or development in the law or facts since submission of the issues to the court." *Gregg v. Am. Quasar Petroleum Inc.,* 840 F.Supp. 1394, 1401 (D.Colo. 1991).

The Court has reviewed Plaintiff's opening and reply briefs and Defendant's response brief that were filed in this case and finds that Plaintiff failed to adequately present an allegation of error regarding the ALJ's finding that Plaintiff's past work as salad maker qualified as substantial gainful activity. [Dkts. 20, 21, 22]. Since Plaintiff did not raise or develop the matter, the Commissioner did not address it and the Court did not rule on the issue that Plaintiff now seeks to present as the basis for a new trial. These circumstances do not make a case for a new trial.

Plaintiff has not shown clear error or manifest injustice in the Court's March 14, 2011 Opinion and Order. As demonstrated by the arguments presented by Plaintiff in support of his motion for new trial and by the arguments in the Commissioner's response brief, the question whether the ALJ was correct in his determination that Plaintiff's past work as a salad maker qualified as substantial gainful activity is debatable. It was not debated or ruled upon, however, because it was not raised. Thus, the Court did not misunderstand a party, make a decision outside the adversarial issues presented, or make a mistake of apprehension. Further, there has been no

showing of a significant change or development in the law or facts since submission of the briefs to the Court as necessary for relief under Rule 59(e).

The Court declines to consider arguments that were not raised or were inadequately presented in Plaintiff's opening and reply briefs. *See Berna v. Chater*, 101 F.3d 631, 633 (10th Cir. 1996) (there are waiver consequences for procedural omissions in the district court). A motion for new trial cannot be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the case and should not serve as an occasion to tender new legal theories for the first time. *Hagerman v. Yukon Energy Corporation*, 839 F.2d 407, 414 (8th Cir. 1988) citing *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)) (A motion for new trial cannot be used to raise arguments which could have been raised prior to the issuance of judgment).

Plaintiff's Motion for New Trial or to Alter or Amend Judgment [Dkt. 27] is DENIED.

SO ORDERED this 15th day of August, 2011.

*[signature: Frank H. McCarthy]*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE